## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST RESPONSE CORPORATION d/b/a SERVICEMASTER OF TOOELE COUNTY** | **CIVIL ACTION NO. 22-cv-4283** |
| *Plaintiff* | |
| **VERSUS** | **DISTRICT JUDGE SARAH VANCE** |
| **SUZANNE WEST** | **MAG. JANICE VAN MERVELDE** |
| *Defendant* | |

### DEFENDANT WEST'S ANSWER, <u>AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ms. Suzanne West ("Defendant"), who, in response to Plaintiff First Response Corporation d/b/a ServiceMaster of Tooele County ("Plaintiff's") Second Amended Complaint (R. Doc. No. 13),[1] avers as follows:

1.

The allegations contained in Paragraph 1 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response.

2.

The allegations contained in Paragraph 2 of the Plaintiff's Second Amended Complaint are admitted insofar as Plaintiff performed some mitigation work on Defendant's property after Hurricane Ida and that Defendant has not remitted payment for the work as Defendant disputes the

---

[1] Defendant notes that Plaintiff initially filed a Complaint on October 28, 2022 (R. Doc. No. 1). No summons was issued and no service was effectuated. Plaintiff subsequently filed an Amended Complaint on January 24, 2023 (R. Doc No. 7), and summons was issued to Defendant and served upon her on January 26, 2023. Defendant now responds to the Second Amended Complaint as the operative pleading in this matter.

amount owed and the validity of Plaintiff's contract.  Further responding, to the extent any further response is required, the remaining allegations are denied.

3.

The allegations contained in Paragraph 3 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response.

4.

The allegations contained in Paragraph 4 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. Further responding, the allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5(a) of the Plaintiff's Second Amended Complaint are admitted. The remaining allegations in Paragraph 5(b) are not directed to Defendant and do not require a response.

6.

The allegations contained in Paragraph 6 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant.  To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Plaintiff's Second Amended Complaint are admitted.

10.

The allegations contained in Paragraph 10 of the Plaintiff's Second Amended Complaint are admitted.

11.

The allegations contained in Paragraph 11 of the Plaintiff's Second Amended Complaint are not directed to Defendant and no response is required.

12.

The allegations contained in Paragraph 12 of the Plaintiff's Second Amended Complaint are admitted insofar as Hurricane Ida made landfall and damaged many areas of Louisiana on or about August 29, 2021, including Ms. West's home at "588 Evangeline." Further responding, Ms. West avers that the extent and nature of the water damage is at issue in this case and denies as written any allegations pertaining to same.

13.

The allegations contained in Paragraph 13 of the Plaintiff's Second Amended Complaint are not directed to Defendant and no response is required.  To the extent a response is required, the allegations are denied.

14.

The allegations contained in Paragraph 14 of the Plaintiff's Second Amended Complaint are denied as written.

15.

The allegations contained in Paragraph 15 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, Ms. West admits that she made a deductible payment to ServiceMaster but denies any remaining allegations. The allegations appear to summarize terms of a written agreement that is the best evidence of its content. Further responding, to the extent any additional response is required, the remaining allegations are denied.

16.

The allegations contained in Paragraph 16 of the Plaintiff's Second Amended Complaint are admitted insofar as Ms. West signed a document entitled "Authorization for Repairs and Payment." Further responding, the remaining allegations are denied as written.

17.

The allegations contained in Paragraph 17 of the Plaintiff's Second Amended Complaint are denied as written; the allegations summarize the alleged terms of an agreement or contract, which is the best evidence of its contents.

18.

The allegations contained in Paragraph 18 of the Plaintiff's Second Amended Complaint are admitted insofar as Ms. West signed a document titled "Authorization for Repairs and Payment" on September 8, 2021.

19.

The allegations contained in Paragraph 19 of the Plaintiff's Second Amended Complaint are denied as written.

20.

The allegations contained in Paragraph 20 of the Plaintiff's Second Amended Complaint are denied as written.

21.

The allegations contained in Paragraph 21 of the Plaintiff's Second Amended Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Plaintiff's Second Amended Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, to the extent the allegations summarize the contents of a document, that written document is the best evidence of its contents.

24.

The allegations contained in Paragraph 24 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, to the extent the allegations summarize the contents of a document, that written document is the best evidence of its contents.

25.

The allegations contained in Paragraph 25 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, to the extent the allegations summarize the contents of a document, that written document is the best evidence of its contents.

26.

The allegations contained in Paragraph 26 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, to the extent the allegations summarize the contents of a document, that written document is the best evidence of its contents.

27.

The allegations contained in Paragraph 27 of the Plaintiff's Second Amended Complaint are denied as written. Further responding, to the extent the allegations summarize the contents of a document, that written document is the best evidence of its contents.

28.

The allegations contained in Paragraph 28 of the Plaintiff's Second Amended Complaint are denied. Further responding, Ms. West did not receive any estimate for mitigation costs from ServiceMaster.

29.

The allegations contained in Paragraph 29 of the Plaintiff's Second Amended Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Plaintiff's Second Amended Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Plaintiff's Second Amended Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Plaintiff's Second Amended Complaint are not directed to Defendant and require no response. Further responding, to the extent any additional response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 of the Plaintiff's Second Amended Complaint are denied as written.

34.

The allegations contained in Paragraph 34 of the Plaintiff's Second Amended Complaint are denied.

35.

The allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Plaintiff's Second Amended Complaint are denied as written.

37.

The allegations contained in Paragraph 35 of the Plaintiff's Second Amended Complaint are not comprehensible.  Accordingly, the allegations are denied as written.

38.

The allegations contained in Paragraph 38 of the Plaintiff's Second Amended Complaint are denied.

39.

The allegations contained in Paragraph 39 of the Plaintiff's Second Amended Complaint are denied.

40.

The allegations contained in Paragraph 40 of the Plaintiff's Second Amended Complaint are denied for lack of a sufficient information to justify a belief therein.

41.

The allegations contained in Paragraph 41 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent any further response is required, the allegations are denied.

42.

The allegations contained in Paragraph 42 of the Plaintiff's Second Amended Complaint are denied.

43.

The allegations contained in Paragraph 43 of the Plaintiff's Second Amended Complaint are denied.

44.

The allegations contained in Paragraph 44 of the Plaintiff's Second Amended Complaint are denied.

45.

The allegations contained in Paragraph 45 of the Plaintiff's Second Amended Complaint are denied.

46.

The allegations contained in Paragraph 46 of the Plaintiff's Second Amended Complaint are denied.

47.

The allegations contained in Paragraph 47 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. Further responding, to the extent any further response is required, the allegations are denied.

48.

The allegations contained in Paragraph 48 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent any further response is required, the allegations are denied.

49.

The allegations contained in Paragraph 49 of the Plaintiff's Second Amended Complaint are denied.

50.

The allegations contained in Paragraph 50 of the Plaintiff's Second Amended Complaint are denied.

51.

The allegations contained in Paragraph 51 of the Plaintiff's Second Amended Complaint are denied.

52.

The allegations contained in Paragraph 52 of the Plaintiff's Second Amended Complaint are denied.

53.

The allegations contained in Paragraph 53 of the Plaintiff's Second Amended Complaint are denied.

54.

The allegations contained in Paragraph 54 of the Plaintiff's Second Amended Complaint are denied.

55.

The allegations contained in Paragraph 55 of the Plaintiff's Second Amended Complaint are denied.

56.

The allegations contained in Paragraph 56 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent any further response is required, the allegations are denied.

57.

The allegations contained in Paragraph 57 of the Plaintiff's Second Amended Complaint legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied.

58.

The allegations contained in Paragraph 58 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

59.

The allegations contained in Paragraph 59 of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

60.

The allegations contained in Paragraph 60 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

61.

The allegations contained in Paragraph 61 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

62.

The allegations contained in Paragraph 62 of the Plaintiff's Second Amended Complaint are legal conclusions that do not require an answer from Defendant. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

63.

The allegations contained in Paragraph 63(a) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response.

64.

The allegations contained in Paragraph 63(b) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent the allegations appear to summarize terms of a written document, that document is the best evidence of its content.

65.

The allegations contained in Paragraph 63(c) of the Plaintiff's Second Amended Complaint are admitted.

66.

The allegations contained in Paragraph 63(d) of the Plaintiff's Second Amended Complaint are admitted.

67.

The allegations contained in Paragraph 63(e) of the Plaintiff's Second Amended Complaint are denied as written.

68.

The allegations contained in Paragraph 63(f) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

69.

The allegations contained in Paragraph 63(g) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

70.

The allegations contained in Paragraph 63(h) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

71.

The allegations contained in Paragraph 63(i) of the Plaintiff's Second Amended Complaint are not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief therein.

72.

The allegations contained in Paragraph 63(j) of the Plaintiff's Second Amended Complaint are admitted.

73.

The allegations contained in Paragraph 63(k) of the Plaintiff's Second Amended Complaint are denied as written. Further responding, Defendant has had to hire attorneys to defend against this lawsuit.

74.

The allegations contained in Paragraph 63(l) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

75.

The allegations contained in Paragraph 63(m) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

76.

The allegations contained in Paragraph 63(n) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

77.

The allegations contained in Paragraph 63(o) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

78.

The allegations contained in Paragraph 63(p) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

79.

The allegations contained in Paragraph 63(q) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

80.

The allegations contained in Paragraph 63(r) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

81.

The allegations contained in Paragraph 63(s) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

82.

The allegations contained in Paragraph 63(t) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

83.

The allegations contained in Paragraph 63(u) of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

84.

The allegations contained in Paragraph 63(v) and all of its subparts of the Plaintiff's Second Amended Complaint not directed to Defendant and do not require a response. To the extent a response is required, the allegations are denied.

85.

All remaining allegations and statements not expressly admitted are denied.

## **AFFIRMATIVE DEFENSES**

AND NOW, further responding to the Plaintiff's Second Amended Complaint, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief may granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defense of nullity or invalidity of contract. There is no contract between the parties because Plaintiff ServiceMaster was not a licensed contractor in Louisiana and not a State Farm Premier Program member or because of error or vice in the formation of the contract under Louisiana law; therefore, any amount Defendant owes Plaintiff – if at all – is owed because of work performed and not due to any written contract between the parties.

## THIRD AFFIRMATIVE DEFENSE

Even assuming the contract is valid, which it is not, Plaintiff fraudulently billed Defendant, which nullifies any contract between Plaintiff and Defendant.

## FOURTH AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the subject matter and person of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the main demand is owed, all such amounts are owed by a third party, namely Defendant's insurer who is contractually obligated to pay all amounts covered by its policy of insurance and/or is legally obligated to pay the amounts as damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defense of unclean hands, equitable estoppel and/or judicial estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of fraud. Specifically, Plaintiff represented to Ms. West that it was an authorized State Farm Premier Program member.  Plaintiff was not so authorized, and the Plaintiff's fraudulent representations induced Ms. West to enter into the alleged contract.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of failure to abide by the principle of good faith inherent in all contracts.

**NINTH AFFIRMATIVE DEFENSE**

Defendant pleads any waiver, defense, exclusion exception, and/or indemnity provision that is contained in any agreement between her and Plaintiff and/or her and any third party relative to Defendant's property at issue in this matter.

**TENTH AFFIRMATIVE DEFENSE**

Defendant pleads that Plaintiff is not entitled to an award of attorneys' fees or court costs pursuant to any contractual provision or under any provision of Louisiana law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not complied with the conditions precedent required by La. Rev. Stat. § 9:2781 to allow the recovery of attorney's fees and costs.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise any additional affirmative defense that may arise during these proceedings.

**WHEREFORE**, Defendant, Suzanne West, prays that this Answer and Affirmative Defenses to the Second Amended Complaint [R. Doc. No. 13] be deemed good and sufficient, and that after all legal delays and due proceedings are had herein, there be Judgment rendered in her favor, and against Plaintiff, dismissing Plaintiff's Second Amended Complaint, with prejudice, at Plaintiff's cost and for all other general and equitable relief to which she may be deemed entitled by this Court.

## <u>COUNTERCLAIM</u>

NOW INTO COURT, through undersigned counsel, comes Counter-Claimant, Ms. Suzanne West ("Counter-Claimant" or "Ms. West"), who respectfully avers as follows:

1.

Ms. West is an individual of the age of majority residing and domiciled St. Charles Parish, at 588 Evangeline Road, Montz, Louisiana.

2.

Counterclaim-Defendant, First Response Corporation d/b/a "ServiceMaster of Tooele County," is a Utah corporation, with its registered office and principal place of business in Tooele County, Utah (hereinafter "ServiceMaster").

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.

Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b) as Ms. West resides within this judicial district and a substantial portion of the events or omissions giving rise to the claim occurred and the property at issue is situated in this judicial district.

5.

Ms. West owns and resides at the property and improvements, her home, located at 588 Evangeline Road, in Montz, Louisiana.

6.

On August 29, 2021, Hurricane Ida swept through Louisiana, damaging thousands of homes, including Ms. West's.

7.

Ms. West, an employee of Shell Corporation, received a list of preferred contractors that would perform remediation and repairs to damaged homes of employees in the damaged area when she contacted her employer for support after the hurricane.

8.

ServiceMaster was one of those contractors listed, who was contacted by Shell on Ms. West's behalf.

9.

On September 6, 2021, Ms. West met with Service Master at her home, and they explained they would bill State Farm for the work, and she would not be billed for any of the work.

10.

On September 8, 2022, Ms. West signed a document titled "Authorization for Repairs and Payment" with ServiceMaster to allow them to perform emergency remediation and repairs to her

home after Hurricane Ida. Service Master also held itself out to be an authorized or part of the State Farm Premier Service Program, of which, upon information and belief, it was not a part or approved member.

11.

ServiceMaster did not provide Ms. West a single invoice during the remediation process. ServiceMaster told Ms. West they would bill Shell for the tarping and remediation work. Ms. West received a "final draft" of the invoice submitted to her and to State Farm at the same time on October 13, 2021, for $126,446.88 in home remediation work and $8,671.38 for roof tarping.

12.

In performing remediation services, ServiceMaster also damaged items in the home including valuable china and glass on a china cabinet totaling nearly $600.00.

13.

ServiceMaster billed State Farm, without Ms. West's knowledge, for amounts far in excess of the amount of work actually performed.

14.

On November 20, 2021, State Farm's field adjuster contacted Ms. West and explained that there were many discrepancies and evidence of overbilling by ServiceMaster. In particular, Service Master claimed the work on the home was for water damage, which was incorrect as her home did not flood.

15.

ServiceMaster placed a lien on Ms. West's home and demanded payment from Ms. West for the amount it alleges State Farm owes it for work performed on Ms. West's home.

## COUNT I

16.

Ms. West reincorporates and re-alleges all the preceding paragraphs as if pled *herein in extenso*.

17.

ServiceMaster received its contractor's license from the State of Utah on August 30, 2021, the day after Hurricane Ida.

18.

ServiceMaster has no contractor's license in the State of Louisiana. Nor is ServiceMaster registered to do business in Louisiana by the Louisiana Secretary of State.

19.

Under Louisiana law, contractors are prohibited from engaging in the business of construction without a valid license. *See* La. R.S. § 37:2160(A)(1).

20.

Individuals, by private agreement, cannot set aside the Louisiana legislature's rules on contractor's licensing requirements.

21.

Thus, under Louisiana law, "[i]t is well established in Louisiana law that a construction agreement made with an unlicensed contractor is null and void." *Maroulis v. Entergy Louisiana, LLC*, 314 So.3d 1002, 1005–06, 20-226 La. App. 5 Cir. 2/10/21, 3–4 (La. App. 5 Cir., 2021).

22.

Accordingly, Ms. West seeks a declaratory judgment declaring the contract null and void and without effect, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## COUNT II

23.

Ms. West reincorporates and re-alleges all the preceding paragraphs as if pled *herein in extenso*.

24.

Under Louisiana law, contract is formed by the consent of the parties. La. Civ. Code art. 1927.

25.

However, consent can be vitiated by error, fraud, or duress. La. Civ. Code art. 1948.

26.

Fraud is a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Shelton v. Standard/700 Associates, 01–0587 (La.10/16/01), 798 So.2d 60.

27.

Fraud may also result from silence or inaction. La. Civ. Code art. 1953.

28.

Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. La. Civ. Code art. 1957.

29.

Defendant-in-Counterclaim held themselves out to be contractors licensed to perform construction and conduct business in Louisiana, as well as being approved of or part of the State Farm Premier Program. They were not, Ms. West relied upon a false and fraudulent representation in entering into the contract for services with ServiceMaster.

30.

Ms. West seeks for the contract to be rescinded based on the fraudulent representations vitiating her valid consent to the contract.

31.

The party against whom rescission is granted because of fraud is liable for damages and attorney fees. La. Civ. Code art. 1958; *see Stutts v. Melton*, 130 So.3d 808, 815, 2013-0557 La. 10/15/13, 11 (La., 2013); *Hickman v. Bates*, 39,178 (La. App. 2 Cir. 12/15/04), 889 So. 2d 1249, 1256.

32.

Ms. West seeks all damages and attorneys' fees resulting from the result of ServiceMaster's fraud.

**WHEREFORE,** Counter-Claimant, Suzanne West, prays that request that this Counter-Claim be filed and that, after due proceedings, there be judgment herein in favor of Counter-Claimant, Ms. Suzanne West and against Counter-claim Defendant, ServiceMaster, in an amount reasonably calculated to compensate Counter-Claimant for her damages, together with legal interest thereon, from date of judicial demand until paid and for all costs of the proceedings and all general and equitable relief this Honorable Court may grant.

*[signature block on following page]*

Respectfully submitted:

**STERNBERG, NACCARI & WHITE, LLC**

**SCOTT L. STERNBERG**, La. Bar No. 33390
**M. SUZANNE MONTERO**, La. Bar No. 21361
**MEGHAN E. CARTER,** La. Bar No. 35074
**KATHERINE B. WELLS**, La. Bar No. 36077
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:   504.534.8961
scott@snw.law | suzy@snw.law | meghan@snw.law |
katherine@snw.law
***Counsel for Suzanne West***